O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN FLETCHER, | Case No. EDCV 18-370 JGB(JC) |
|              Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
|        v. | |
| JOHN DOE, | |
|              Defendant. | |

On February 21, 2018, the Court received a Civil Rights Complaint ("Complaint") asserting claims against "Correctional Officer – John Doe," under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), from plaintiff Shawn Fletcher, a prisoner at the California Rehabilitation Center ("CRC"). The Complaint alleges that John Doe, a Correctional Officer at the CRC, violated plaintiff's federal constitutional rights under the First and Fourteenth Amendments, and infringed upon plaintiff's access to the courts on February 12, 2014, essentially by delaying mail sent by plaintiff to the Ninth Circuit. Neither the filing fee nor a request to proceed without pre-payment of the fee was submitted with the Complaint.

On March 1, 2018, plaintiff filed a Request to Proceed without Prepayment of Filing Fees with Declaration in Support ("IFP Request").  On March 16, 2018, this Court denied the IFP Request because, in light of plaintiff's history of filing meritless civil rights complaints and his failure plausibly to allege that he faced an imminent danger of serious physical injury at the time the Complaint was filed, plaintiff is ineligible to proceed without prepayment of the full filing fee in this case under 28 U.S.C. § 1915(g) ("March 16 Order").   The March 16 Order further directed:  "Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed."

Meanwhile, on March 2, 2018, plaintiff signed a First Amended Complaint which again asserts claims against "John Doe, Correctional Officer" under <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971), for alleged violations of plaintiff's federal constitutional rights under the First and Fourteenth Amendments, alleging that the defendant infringed upon plaintiff's access to the courts on February 12, 2014, essentially by delaying mail sent by plaintiff to the Ninth Circuit.  The First Amended Complaint was formally filed on March 3, 2018.

On March 27, 2018, the assigned Magistrate Judge notified plaintiff that notwithstanding the filing of the First Amended Complaint, plaintiff remained obligated to comply with the March 16 Order and to pay the full filing fee within thirty (30) days thereof, *i.e.*, by not later than April 16, 2018 or, as directed by this Court, "this case will be dismissed."

The deadline for plaintiff to pay the full filing fee expired on April 16, 2018 – more than two weeks ago.  To date, plaintiff has failed to pay the full filing fee, has not sought an extension of time, and has not otherwise communicated with the Court since he submitted the First Amended Complaint.

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order.  <u>See</u> <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-33 (1962); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,

1260 (9th Cir.) (as amended), <u>cert. denied</u>, 506 U.S. 915 (1992).  In determining
whether to dismiss an action for failure to comply with court orders, a district court
must consider several factors, namely (1) the public's interest in expeditious
resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
prejudice to the defendant; (4) the public policy favoring disposition of cases on
their merits; and (5) the availability of less drastic alternatives.  <u>See</u> <u>Ferdik</u>, 963
F.2d at 1260-61.  Dismissal is appropriate "where at least four factors support
dismissal . . . or where at least three factors 'strongly' support dismissal."
<u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations
omitted).  Here, as at least the first three factors strongly support dismissal, the
Court finds that plaintiff's failure to comply with the March 16 Order warrants
dismissal.

The Court further finds that dismissal is appropriate because plaintiff has
failed to pay the full filing fee and is not entitled to proceed without prepayment of
such fee.

IT IS THEREFORE ORDERED that this action is dismissed without
prejudice and that Judgment be entered accordingly.


IT IS SO ORDERED.


DATED: May 7, 2018

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE